129 F.3d 124
 1997-2 Trade Cases P 71,993
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CASSAN ENTERPRISES, Cassan Enterprises, Inc.; CMC
Investments; Todd Investment Company, Plaintiff-Appellants,
v.
CHRYSLER CORPORATION; Dollar Systems, Inc.; Rent A Car
Systems, Inc.; Pentastar Transportation Group,
Inc., Defendants-Appellees.
 No. 96-35727.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided Oct. 30, 1997.
 
 Appeal from the United States District Court for the Western District of Washington. Barbara J. Rothstein, District Judge, Presiding.
 Before: WRIGHT, SKOPIL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, car rental franchisees, appeal the district court's Fed.R.Civ.P. 12(b)(6) dismissal of a claim against their franchisor and its owners for an illegal tying agreement in restraint of trade. We affirm the district court's dismissal with prejudice.
 
 
 3
 We review de novo a Fed. R Civ. P. 12(b)(6) dismissal for failure to state a claim. Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996).
 
 
 4
 A violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (1994) requires three elements: (1) the existence of "a contract, combination or conspiracy, i.e., an agreement or concerted action toward a 'common goal' "; (2) an unreasonable restraint on trade, under either a per se rule of illegality or a rule of reason analysis; and (3) an effect on interstate trade. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 632-33 (9th Cir.1987). Appellants have stated no set of facts upon which to find either an agreement or an unreasonable restraint on trade.
 
 1. Existence of an Agreement
 
 5
 In a tying arrangement, "the competitor agrees to sell the tying product ... only on the condition that its customers also purchase the tied product...." Datagate, Inc. v. Hewlett-Packard Co., 60 F.3d 1421, 1423 (9th Cir.1995) (emphasis added).
 
 
 6
 At oral argument, Appellants cited Ware v. Trailer Mart, Inc., 623 F.2d 1150 (6th Cir.1980) for the proposition that a tying arrangement exists even when the parties never enter into an agreement. In Ware, a mobile home park tied mobile home purchases by prospective tenants to trailer park leases and the issue was whether plaintiff had standing to assert injury before having entered the coercive agreement.
 
 
 7
 We find Ware inapplicable. There the agreement, once entered, was a classic tying arrangement: a forced purchase. No such agreement existed here because Appellants never were required to purchase Chrysler cars (the "tied" product), regardless of whether Appellants entered or resisted the arrangement.
 
 2. Unreasonable Restraint on Trade
 
 8
 Three elements establish a per se violation of the Sherman Act:
 
 
 9
 (1) a tie-in between two products or services sold in different markets, (2) market power in the tying product, and (3) the tying arrangement affects a not insubstantial volume of commerce.
 
 
 10
 Datagate, Inc., 60 F.3d at 1423-24 (emphasis added).
 
 
 11
 Appellants could not assert such market power through a "supracompetitive price" difference, see Hirsh v. Martindale-Hubbell, Inc., 674 F.2d 1343, 1349 (9th Cir.1982), and Appellees' market power cannot be presumed from their ownership of the Dollar Rent A Car trademark, see Mozart Co. v. Mercedes-Benz of N. Am., Inc., 833 F.2d 1342, 1346 (9th Cir.1987) ("Market power, if any, is derived from the product, not from the name or symbol as such."). Appellants thus cannot meet a per se analysis.
 
 
 12
 To violate the rule of reason, an agreement must have "unreasonably restrained competition." Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2, 29 (1984). This means that an antitrust violation must harm competition, not just competitors. See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 812 (9th Cir.1988). Contrary to Appellants' assertion at oral argument, this standard is not made more lenient by Rebel Oil Company, Inc. v. Atlantic Richfield Co., 51 F.3d 1421 (9th Cir.1995). See id. at 1433 ("[A]n act is deemed anticompetitive under the Sherman Act only when it harms both allocative efficiency and raises the prices of goods above competitive levels or diminishes their quality.").
 
 
 13
 Appellants' complaint asserts only a conclusory allegation of such harm. This is insufficient. See Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 735-36 (9th Cir.1987) (disregarding conclusory language of intent to harm competition).[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We decline to reach Appellees' argument that the res judicata effects of another suit between these parties precludes this suit